## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **BROADCAST MUSIC, INC.; HOUSE OF CASH, INC.; CYANIDE PUBLISHING; SHIRLEY EIKHARD USA MUSIC; EMI BLACKWOOD MUSIC, INC.; UNICHAPPELL MUSIC, INC.; FORREST RICHARD BETTS MUSIC; UNIVERSAL-SONGS OF POLYGRAM INTERNATIONAL, INC.; BULL-GOD MUSIC, INC.,** | ) ) ) ) ) ) ) ) ) |
| *Plaintiffs,* | ) ) **Case No. 12-cv-9888** |
| **v.** | ) ) |
| **THE LODGE OF ANTIOCH d/b/a THE LODGE OF ANTIOCH, LTD.; GERALD JOHNSON and JAMES DONOHUE, each individually,** | ) ) ) ) ) ) |
| *Defendants.* | ) ) ) |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows:

### JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to

license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.     The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.     Plaintiff House of Cash, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.     Plaintiff Cyandide Publishing is a partnership owned by Robert Kuykendall, Richard A. Beam, Bruce Johannesson and Bret M. Sychak.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.     Plaintiff Shirley Eikhard USA Music is a sole proprietorship owned by Shirley Rose Eikhard.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.     Plaintiff EMI Blackwood Music Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

9.     Plaintiff Unichappell Music, Inc. is a corporation.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

10.     Plaintiff Forrest Richard Betts Music is a sole proprietorship owned by Forrest Richard Betts.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

11.     Plaintiff Universal – Songs of Polygram International, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12.     Plaintiff Bull-God Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

2

13.     Defendant The Lodge of Antioch, Ltd. is a corporation that is organized and existing under the laws of the State of Illinois, which operates, maintains and controls an establishment known as The Lodge of Antioch located at 899 Main Street, Antioch, IL, (the "Establishment") in this district.

14.     In connection with the operation of the Establishment, Defendant The Lodge of Antioch, Ltd. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15.     Defendant The Lodge of Antioch, Ltd. has a direct financial interest in the Establishment.

16.     Defendant Gerald Johnson is an officer of Defendant The Lodge of Antioch, Ltd. and on information and belief has primary responsibility for the operation and management of that company and the Establishment.  On information and belief, Gerald Johnson resides in this district at 1015 Timber Lake Drive, Antioch, IL 60002.

17.     On information and belief, Defendant Gerald Johnson has the right and ability to supervise the activities of Defendant The Lodge of Antioch, Ltd. and a direct financial interest in that company and the Establishment.

18.     Defendant James Donohue is an officer of Defendant The Lodge of Antioch, Ltd. and on information and belief has primary responsibility for the operation and management of that company and the Establishment.  On information and belief, James Donohue resides in this district at 8312 Saint Moritz Drive, Spring Grove, IL 60081.

19.     On information and belief, Defendant James Donohue has the right and ability to supervise the activities of Defendant The Lodge of Antioch, Ltd. and a direct financial interest in that company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

20.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 19.

21.     Plaintiffs allege five (5) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

22.     Annexed to this Complaint is a schedule ("the Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

23.     For each musical compositions identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

24.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all

respects with the requirements of the Copyright Act and received from the Register of

Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff

BMI was (and still is) the licensor of the public performance rights in the musical composition

identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7,

the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective

musical composition listed on Line 2.

26. For each work identified on the Schedule, on the date(s) listed on Line 7,

Defendants publicly performed and/or caused to be publicly performed at the Establishment the

musical composition identified on Line 2 without a license or permission to do so. Thus,

Defendants have committed copyright infringement.

27. The specific acts of copyright infringement alleged in the Complaint, as well as

Defendants' entire course of conduct, have caused and are causing Plaintiffs great and

incalculable damage. On information and belief, Defendants' acts of infringement have been

willful. By continuing to provide unauthorized public performances of works in the BMI

Repertoire at the Establishment, Defendants threaten to continue committing copyright

infringement. Unless this Court restrains Defendants from committing further acts of copyright

infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at

law.

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)     Defendants be ordered to pay actual or statutory damages, pursuant to 17 U.S.C. Section 504(a)–(c);

(III)     Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)     Plaintiffs have such other and further relief as is just and equitable.


Dated:  December 12, 2012                    Respectfully submitted,


                                             */s/ Charles A. Laff*
                                             Charles A. Laff
                                             Gilberto E. Espinoza
                                             MICHAEL BEST & FRIEDRICH LLP
                                             Two Prudential Plaza
                                             180 N. Stetson Avenue, Suite 2000
                                             Chicago, Illinois  60601-6710
                                             T: 312.222.0800; F: 312.222.0818
                                             calaff@michaelbest.com
                                             geespinoza@michaelbest.com

                                             *Attorney for Plaintiffs*

# *Schedule*

| Line 1 | Claim No. | 1 |
|---|---|---|
| Line 2 | Musical Composition | Folsom Prison a/k/a Folsom Prison Blues |
| Line 3 | Writer(s) | John R. Cash a/k/a Johnny Cash |
| Line 4 | Publisher Plaintiff(s) | House of Cash, Inc. |
| Line 5 | Date(s) of Registration | 2/13/84      1/13/83      9/14/56      EU 418371 |
| Line 6 | Registration No(s). | RE 196-295    RE 153-380    Ep 102326    11/30/55 |
| Line 7 | Date(s) of Infringement | 2/2/2012 |
| Line 8 | Place of Infringement | The Lodge of Antioch |

---

| Line 1 | Claim No. | 2 |
|---|---|---|
| Line 2 | Musical Composition | Nothin' But A Good Time |
| Line 3 | Writer(s) | Bret Michael Sychak p/k/a Bret Michaels; Bruce Anthony Johannesson p/k/a C.C. DeVille; Robert Harry Kuykendall p/k/a Bobby Dall; Richard Ream p/k/a Rikki Rockett |
| Line 4 | Publisher Plaintiff(s) | Robert Kuykendall, Richard A. Ream, Bruce Johannesson and Bret M. Sychak, a partnership d/b/a Cyanide Publishing |
| Line 5 | Date(s) of Registration | 8/15/88 |
| Line 6 | Registration No(s). | PA 377-966 |
| Line 7 | Date(s) of Infringement | 2/2/2012 |
| Line 8 | Place of Infringement | The Lodge of Antioch |

---

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 3 | |
| Line 2 | Musical Composition | Something To Talk About AKA Let's Give Them Something To Talk About | |
| Line 3 | Writer(s) | Shirley Eikhard | |
| Line 4 | Publisher Plaintiff(s) | Shirley Rose Eikhard, an individual d/b/a Shirley Eikhard USA Music; EMI Blackwood Music Inc. | |
| Line 5 | Date(s) of Registration | 3/17/88 | |
| Line 6 | Registration No(s). | PAu 1-069-584 | |
| Line 7 | Date(s) of Infringement | 2/2/2012 | |
| Line 8 | Place of Infringement | The Lodge of Antioch | |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 4 | |
| Line 2 | Musical Composition | Ramblin' Man | |
| Line 3 | Writer(s) | Forrest Richard Betts | |
| Line 4 | Publisher Plaintiff(s) | Unichappell Music, Inc.; Forrest Richard Betts d/b/a Forrest Richard Betts Music | |
| Line 5 | Date(s) of Registration | 9/17/73 | 4/24/74 |
| Line 6 | Registration No(s). | Eu 433219 | Ep 323654 |
| Line 7 | Date(s) of Infringement | 2/2/2012 | |
| Line 8 | Place of Infringement | The Lodge of Antioch | |

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 5 | |
| Line 2 | Musical Composition | Space Lord | |
| Line 3 | Writer(s) | David Wyndorf | |
| Line 4 | Publisher Plaintiff(s) | Universal - Songs of Polygram International, Inc.; Bull-God Music, Inc. | |
| Line 5 | Date(s) of Registration | 10/6/98 | |
| Line 6 | Registration No(s). | PA 945-492 | |
| Line 7 | Date(s) of Infringement | 2/2/2012 | |
| Line 8 | Place of Infringement | The Lodge of Antioch | |